IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTON MUENSTERMANN, administrator of )<br>The Estate of TYLER MUENSTERMANN )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>**Serve: US District Attorney's Office** )<br>  **Southern District of Illinois** )<br>  **750 Missouri Avenue** )<br>  **East St. Louis, Illinois 62201** )<br>)<br>TOTALL METAL RECYCLING, INC., )<br>**Serve: 2700 Missouri Avenue** )<br>  **Granite City, Illinois 62040** )<br>)<br>DARAN, INC., )<br>**Serve: 12280 255th Ave.** )<br>  **Zimmerman, MN 55398** )<br>)<br>  Defendants. ) | No. |

## COMPLAINT

COMES NOW Plaintiff, Anton Muenstermann, administrator of the Estate of Tyler Muenstermann deceased, and for his Complaint states:

### JURISDICTION

1. Jurisdiction of the claims against the United States of America lies pursuant to 28 U.S.C. 2675 and 28 U.S.C. 1345(b)(1).

2. Plaintiff previously presented the wrongful death claim to the Department of the Army on February 10, 2015.

3. Jurisdiction over Count II lies pursuant to 28 U.S.C. 1367.

COUNT I – United States of America

1. Anton Muenstermann is administrator of the Estate of Tyler Muenstermann, pursuant to the Letters of Office issued by the Third Judicial Circuit, Madison County, Illinois.

2. Tyler Muenstermann was a resident of Madison County, Illinois prior to his death.

3. On or about August 25, 2014, Tyler Muenstermann was employed by Totall Metal Recycling, Inc. in Granite City, Illinois.

4. On or about August 25, 2014, Tyler Muenstermann was not a service member of any United States military branch.

5. Prior to August 25, 2014, Defendant, United States of America stored, possessed and controlled munitions including mortar shells at military facilities.

6. Pursuant to a contract, the United States of America sold the remains of spent munitions, including mortar casings, to Totall Metal Recycling, Inc.

7. On or about August 25, 2014, Totall Metal Recycling, Inc. was engaged in the business of recycling spent munitions, including mortar casings, from military facilities.

8. On or about August 25, 2014, Tyler Muenstermann, in the course of his employment for Totall Metal Recycling, Inc., worked in the vicinity of the spent munitions, including mortar casings, from military facilities.

9. The United States of America retained control over the collection, dismantling, disposal, and recycling of munitions, including mortar shells, from military facilities.

10. The United States of America retained direct control or supervisory control over the process of rendering inert any mortar shells collected at military facilities for recycling.

11. The United States of America knew or should have known that the mortar shells collected for recycling would be handled by employees at Totall Metal Recycling, Inc.

12. The United States of America knew or should have known that the mortar shells collected for recycling posed an unreasonable risk of harm to the employees of Totall Metal Recycling, Inc. if they were not rendered inert.

13. One of more mortar shells shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois prior to August 25, 2014 was not rendered inert.

14. On or about August 25, 2014, a mortar shell shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois exploded, killing Tyler Muenstermann.

15. The United States of America, by and through its agents and employees, owed a duty of ordinary care to Tyler Muenstermann and other employees of Totall Metal Recycling, Inc.

16. In breach of its duty to use ordinary care, the United States of America, acting through its agents and employees:

   a. Transmitted live mortar shells from its facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

   b. Failed to train its employees and/or contractors to recognize live mortar shells and prevent them from transmission to recyclers;

   c. Failed to render inert or otherwise make safe one or more mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

   d. Failed to identify one or more live mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

   e. Failed to exercise supervisory control over munitions clearing/disabling/recycling employees or contractors to ensure that live munitions were not mixed with spent munitions for recycling;

   f. Mixed live munitions with spent munitions and offered them as a lot to Totall Metal Recycling, Inc. for recycling;

   g. Failed to ensure that Totall Metal Recycling, Inc. and its agents and employees had the proper training to recognize live munitions that were mixed in with spent munitions for recycling;

    h. Failed to warn Totall Metal Recycling, Inc. and its employees that live munitions could be mixed in with spent munitions sold for recycling;

    i. Failed to otherwise use ordinary care to prevent live munitions from being transferred from Its facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois.

17. As a direct and proximate result of the breach of duty by the United States of America, acting through its agents and employees, Tyler Muenstermann was killed and his next of kin have been permanently deprived of the love, companionship, society, and support to which they were entitled, they suffered and will suffer grief, sorrow and mental suffering, and have become liable for funeral expenses, and have been damaged in a substantial amount.

WHEREFORE Plaintiff, Anton Muenstermann, administrator of the Estate of Tyler Muenstermann, respectfully requests judgement against the United States of America in excess of $75,000.00 and requests such other relief as the Court deems just and equitable.

## COUNT II – Totall Metal Recycling, Inc.

1. Anton Muenstermann is administrator of the Estate of Tyler Muenstermann, pursuant to the Letters of Office issued by the Third Judicial Circuit, Madison County, Illinois.

2. Tyler Muenstermann was a resident of Madison County, Illinois prior to his death.

3. On or about August 25, 2014, Tyler Muenstermann was employed by Totall Metal Recycling, Inc. in Granite City, Illinois.

4. On or about August 25, 2014, Tyler Muenstermann was not a service member of any United States military branch.

5. Prior to August 25, 2014, Defendant, United States of America stored, possessed and controlled munitions including mortar shells, at Its facilities.

6. Pursuant to a contract, the United States of America sold the remains of spent munitions, including mortar casings, to Totall Metal Recycling, Inc.

7. On or about August 25, 2014, Totall Metal Recycling, Inc. was engaged in the business of recycling spent munitions, including mortar casings, from military facilities.

8. On or about August 25, 2014, Tyler Muenstermann, in the course of his employment for Totall Metal Recycling, Inc., worked in the vicinity of the spent munitions, including mortar casings.

9. Totall Metal Recycling, Inc., knew or should have known that the mortar shells collected for recycling would be handled by employees at Totall Metal Recycling, Inc.

10. Totall Metal Recycling, Inc., knew or should have known that the mortar shells collected for recycling posed an unreasonable risk of harm to the employees of Totall Metal Recycling, Inc. if they were not rendered inert.

11. One of more mortar shells shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois prior to August 25, 2014 was not rendered inert.

12. On or about August 25, 2014, a mortar shell shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois exploded, killing Tyler Muenstermann.

13. Totall Metal Recycling, Inc., by and through its agents and employees, owed a duty of ordinary care to Tyler Muenstermann and other employees of Totall Metal Recycling, Inc.

14. In breach of its duty to use ordinary care, Totall Metal Recycling, Inc., acting through its agents and employees:

    a. Transmitted live mortar shells from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    b. Failed to train its employees and/or contractors to recognize live mortar shells and prevent them from transmission to recyclers;

    c. Failed to render inert or otherwise make safe one or more mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    d. Failed to identify one or more live mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    e. Failed to train Tyler Muenstermann and other employees to recognize live mortar shells or other live munitions and to safely handle them to prevent explosions;

    f. Failed to safely store mortar shells and spent munitions received at its facility in Granite City, Illinois;

    g. Failed to otherwise use ordinary care to prevent live munitions from being transferred from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois.

15. As a direct and proximate result of the breach of duty by the Totall Metal Recycling, Inc., acting through its agents and employees, Tyler Muenstermann was killed and his next of kin have been permanently deprived of the love, companionship, society, and support to which they were entitled, they suffered and will suffer grief, sorrow and mental suffering, and have become liable for funeral expenses, and have been damaged in a substantial amount.

WHEREFORE Plaintiff, Anton Muenstermann, administrator of the Estate of Tyler Muenstermann, respectfully requests judgement against Totall Metal Recycling, Inc. in excess of $75,000.00 and requests such other relief as the Court deems just and equitable.

### COUNT III – DaRan Inc.

1. Anton Muenstermann is administrator of the Estate of Tyler Muenstermann, pursuant to the Letters of Office issued by the Third Judicial Circuit, Madison County, Illinois.

2. Tyler Muenstermann was a resident of Madison County, Illinois prior to his death.

3. On or about August 25, 2014, Tyler Muenstermann was employed by Totall Metal Recycling, Inc. in Granite City, Illinois.

4. DaRan Inc. is a Minnesota corporation with its principal place of business in Zimmerman, Minnesota.

5. On or about August 25, 2014, Tyler Muenstermann was not a service member of any United States military branch.

6. Prior to August 25, 2014, Defendant, United States of America stored, possessed and controlled munitions including mortar shells at military facilities.

7. Pursuant to a contract, the United States of America sold the remains of spent munitions, including mortar casings, to Totall Metal Recycling, Inc.

8. On or about August 25, 2014, Totall Metal Recycling, Inc. was engaged in the business of recycling spent munitions, including mortar casings, from military facilities.

9. On information and belief, at some time prior to Augusts 25, 2014, DaRan Inc. removed a load of spent munitions, including mortar casings, from military facilities and hauled it to the Totall Metal Recycling, Inc. facility in Granite City, Illinois.

10. DaRan Inc. knew or should have known that the mortar shells collected for recycling could include unspent and unexploded ordnance.

11. DaRan, Inc. had a duty to use ordinary care for the safety of others when it loaded, hauled and unloaded the material from military facilities to ensure that it was not damaged while being loaded, hauled or unloaded.

12. DaRan, Inc. had a duty to use ordinary care for the safety of others and to refuse to accept unspent and unexploded ordnance for hauling.

13. On or about August 25, 2014, Tyler Muenstermann, in the course of his employment for Totall Metal Recycling, Inc., worked in the vicinity of the spent munitions, including mortar casings from military facilities

14. One of more mortar shells shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois prior to August 25, 2014 was not rendered inert.

15. On or about August 25, 2014, a mortar shell shipped to the Totall Metal Recycling, Inc. facility in Granite City, Illinois exploded, killing Tyler Muenstermann.

16. DaRan, Inc., by and through its agents and employees, owed a duty of ordinary care to Tyler Muenstermann and other employees of Totall Metal Recycling, Inc.

17. In breach of its duty to use ordinary care, DaRan, Inc., acting through its agents and employees:

    a. Accepted live mortar shells from military facilities for hauling;

    b. Hauled live mortar shells from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    c. Failed to train its employees and/or contractors to recognize live mortar shells and prevent them from transmission to recyclers;

    d. Failed to render inert or otherwise make safe one or more mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    e. Failed to identify one or more live mortar shells shipped from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois;

    f. Failed to warn Tyler Muenstermann and other employees of Totall Metal Recycling, Inc. that the load included live mortar shells or other live munitions;

    g. Failed to otherwise use ordinary care to prevent live munitions from being transferred from military facilities to the Totall Metal Recycling, Inc. facility in Granite City, Illinois.

18. As a direct and proximate result of the breach of duty by the Totall Metal Recycling, Inc., acting through its agents and employees, Tyler Muenstermann was killed and his next of

kin have been permanently deprived of the love, companionship, society, and support to which they were entitled, they suffered and will suffer grief, sorrow and mental suffering, and have become liable for funeral expenses, and have been damaged in a substantial amount.

WHEREFORE Plaintiff, Anton Muenstermann, administrator of the Estate of Tyler Muenstermann, respectfully requests judgement against DaRan, Inc., in excess of $75,000.00 and requests such other relief as the Court deems just and equitable.

**EVANS|BLASI**

/s/ Eric W. Evans
Eric W. Evans, #06220134
Peter S. Blasi, #06271126
1512 Johnson Road
Granite City, IL 62040
#618/225-6000
Fax #618/798-6666
Email: eevans@evansblasilaw.com