IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTON MUENSTERMANN, administrator of the Estate of TYLER MUENSTERMANN, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 16-CV-932-SMY-SCW |
| vs. | ) ) ) |
| UNITED STATES OF AMERICA, TOTALL MATAL RECYCLING, INC., DARAN, INC., and VERSAR, INC., | ) |
| Defendants. | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Totall Metal Recycling's ("TMR") Motion to Dismiss Count II of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 19). TMR asserts this Court lacks subject matter jurisdiction over Plaintiff's claim against them because it is barred by the exclusive remedy provision of the Illinois Workers' Compensation Act, 820 ILCS 305/5(a). Plaintiff opposes the motion (Doc. 35). TMR filed a Reply with leave of the Court (Doc. 46). For the following reasons, the motion is **GRANTED**.

Plaintiff filed this wrongful death action, alleging that the USA and TMR caused a live mortar shell to be transferred from the U.S. Army's National Training Center at Fort Irwin, California to TMR's facility in Granite City, Illinois. The mortar shell eventually exploded at TMR's facility, killing Plaintiff's decedent.

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." At the motion to dismiss stage, the court must "accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir.

1995). "A plaintiff need not put all of the essential facts in the complaint; he may add them by affidavit or brief in order to defeat a motion to dismiss if the facts are consistent with the allegations of the complaint." *Help At Home Inc. v. Med. Capital, L.L.C.*, 260 F.3d 748, 752–53 (7th Cir. 2001) (quotation omitted).

When an injury occurs in the workplace, the Illinois Workers' Compensation Act, 820 ILCS 305/1 et seq., provides the exclusive remedy for accidental injuries. Under the Act, "an employee has no right to recover damages from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). To avoid preemption by the Act, a plaintiff must demonstrate one of the following: (i) the injury was not accidental, (ii) the injury did not arise from her employment, (iii) the injury was not received during the course of her employment, or (iv) the injury is not compensable under the Act. *Id*.

Plaintiff's sole argument is that the death was not accidental because "TMR knew that it was transporting unexploded mortars and ordnance . . . in violation of 18 USC § 842(a)(3)(A)." (Doc. 35 p. 3). "As a result of TMR's intentional and illegal action, one of the mortars received from Ft. Irwin exploded and killed Tyler Muenstermann." *Id*. TMR correctly points out that, in order for the "not accidental" exception to apply, "the employer must specifically intend that its actions would injure the employee." See *Glasgow v. Associated Banc-Corp*, 2012 IL App (2d) 111303, ¶ 20, 980 N.E.2d 785, 790.

Here, Plaintiff merely alleges TMR acted intentionally in transporting dangerous materials, not that TMR acted intentionally in injuring Plaintiff's decedent. Moreover, any allegation of TMR's intent to injure Tyler Muenstermann would fly in the face of Plaintiff's Complaint, which alleges a claim of negligence. Accordingly, Plaintiff's claim against TMR is preempted by the Illinois Workers' Compensation Act and TMR's Motion to Dismiss is

**GRANTED**.  Count II of Plaintiff's Amended Complaint is hereby DISMISSED with prejudice.

**IT IS SO ORDERED.**

**DATED:  March 6, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**