# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTON MUENSTERMANN, administrator of the Estate of TYLER MUENSTERMANN, | ) ) ) ) |
| Plaintiff, | ) Case No. 16-CV-932-SMY-SCW ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Versar, Inc.'s ("Versar") Motion to Dismiss Plaintiff's claims against them pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Doc. 41). Plaintiff opposes the motion (Doc. 47). The Court held a hearing on the motion on March 29, 2017. For the following reasons and those stated on the record, the motion is **GRANTED in part.**

Versar is a foreign corporation with its headquarters and principal place of business in Springfield, Virginia. Plaintiff filed this wrongful death action alleging that the defendants, including Versar, caused a live mortar shell to be transferred from the U.S. Army's National Training Center at Fort Irwin, California to Granite City, Illinois. On August 25, 2014, the mortar shell exploded in Granite City, killing Plaintiff's decedent, Tyler Muenstermann.

Versar maintains that Plaintiff failed to allege sufficient facts to state a viable claim against it. Specifically, Versar asserts that Plaintiff failed to allege that the live mortar came from Versar or Fort Irwin. Additionally, Versar argues that Plaintiff failed to plead facts suggesting that Versar had any duty to render mortars inert as part of its range clearing activities

at Fort Irwin.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the Complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir.2006). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

In the Amended Complaint, Plaintiff alleges that Versar breached its duty to the employees of Defendant TMR, including Plaintiff's decedent, by allowing a live munition to be shipped from Ft. Irwin to Granite City, which caused the death of Plaintiff's decedent. (Doc. 10, p. 10). While admittedly thin, these allegations are enough to put Versar on notice of the claim against them and to allow the Court to draw the reasonable inference that Versar is liable for the conduct alleged. This is all that is required under *Iqbal* and *Twombly*. Therefore, Plaintiff's Amended Complaint survives Rule 12(b)(6) dismissal.

However, the complaint does not survive the dictates of Rule 12(b)(2) for personal jurisdiction. "A district court sitting in diversity has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). Illinois' long-arm statute

2

permits its courts to exercise jurisdiction over a person "as to any cause of action arising from . . . (2) The commission of a tortious act within [Illinois]" or "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(a)&(c). Illinois' long-arm statute, therefore, extends to the limit of the Fourteenth Amendment's due-process clause. See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 464, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

Under the due process clause, "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S. 2011). While not exclusive, the "paradigm bases for general jurisdiction," are whether the corporation is incorporated in the forum state or has their principal place of business there. *Daimler AG v. Bauman*, 134 S. Ct. 759, 761, 187 L. Ed. 2d 624 (2014).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear,* 564 U.S. at 919 (internal quotations omitted). For specific jurisdiction, the defendant must have "purposefully directed its activities at the forum state" and the cause of action must have arose out of or relate to the defendant's contacts with the forum state." *Russell v. SNFA*, 2013 IL 113909, ¶ 40, 987 N.E.2d 778, 787. Moreover, the unilateral activity of a third party cannot subject a nonresident defendant to specific jurisdiction, even if the third party claims some relationship with that defendant. There must be some act by which "the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and

protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In other words, a defendant is not subject to jurisdiction based merely on random, fortuitous, or attenuated contacts – there must be a real relationship with the state with respect to the activities at issue. *N. Grain Mktg.,* 743 F.3d at 493.

Plaintiff asserts that this Court has general jurisdiction over Versar because it has engaged in "continuous and substantial business" in Illinois. To support this assertion, Plaintiff has submitted various documents and website materials which suggest that Versar conducted business in Illinois between 1981 and 2009. Plaintiff also contends that Versar currently has at least one office and an uncertain number of employees in Illinois – a fact that Versar disputes by affidavit (Doc. 65). Finally, Plaintiff points out that Versar is registered with the Illinois Secretary of State and maintains an agent for service of process in Illinois.

Plaintiff cites *Curley v. Gateway Concrete Forming Sys., Inc.*, No. 1-09-2386, 2010 WL 4608754 (Ill. App. Ct. Nov. 5, 2010) for the proposition that registering with the Secretary of State and maintaining an agent for service of process are factors in determining personal jurisdiction (Doc. 47 p. 3). That case, however, predates *Daimler*. Nevertheless, those activities and any business dealings Versar may have had in Illinois prior to 2014 do not constitute the type of continuance and systematic affiliations that would render Versar "at home" in this state for purposes of general jurisdiction.

Plaintiff also argues that Versar is subject to specific jurisdiction in Illinois because the explosion constituted a tort committed by Versar, thereby creating the necessary minimum contacts with this state. While it is true that "the Seventh Circuit has repeatedly held that tortfeasors must expect to be haled into Illinois courts for torts where the injury took place there[,]" *ABN AMRO, Inc. v. Capital International Ltd.*, 595 F. Supp. 2d 805, 828 (N.D. Ill. 2008), a tortfeasor is not automatically subject to personal jurisdiction on that basis alone. More

4

is needed to satisfy the requirement for minimum contacts with the forum state. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 134 S. Ct. 1115, 1125, 188 L. Ed. 2d 12 (2014).

Versar never contracted with Defendants DaRan or TMR nor were they involved in transporting the munitions to Illinois or the disposal of the materials here. The only conduct Plaintiff alleges Versar engaged in took place in California and was in no way connected with Illinois. As such, Versar's suit-related conduct did not subject it to specific jurisdiction in this state.

Accordingly, Defendant's Motion to Dismiss (Doc. 41) is **GRANTED** for lack of personal jurisdiction. Versar Inc. is **DISMISSED** from this action **WITHOUT PREJUDICE**.

**SO ORDERED.**

**DATED: April 20, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**